# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DIANNA M. WORTHEY, | DOCKET NUMBER |
| Appellant, | DC-0432-15-0650-I-2 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: December 8, 2016 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Dianna M. Worthey</u>, Woodbridge, Virginia, pro se.

<u>Christina Knott</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed the appeal of her performance-based removal as untimely filed without good cause shown.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 Effective February 24, 2012, the agency removed the appellant for unacceptable performance. Initial Appeal File (IAF), Tab 6 at 40. The removal decision informed the appellant that she could file a grievance, a mixed-case equal employment opportunity (EEO) complaint, or a Board appeal and that whichever she filed first was an election to proceed in that forum. *Id.* at 45-46. She timely requested EEO counseling. *Id.* at 21; Refiled Appeal File (RAF), Tab 8 at 13-14, 21-22. On April 19, 2012, the agency closed the appellant's informal counseling and, according to its records, mailed her a notice of her right to file a formal complaint (NORF). RAF, Tab 8 at 13-19. The NORF further clarified her mixed-case appeal rights and informed her that she had 15 days from receipt to file a formal discrimination complaint. *Id.* at 13-16.

¶3 The appellant did not contact the agency again regarding her EEO complaint until January 2015, at which time an EEO investigator informed the appellant that her case had been closed. RAF, Tab 6 at 30-45. On April 29, 2015, the agency again notified her, this time in writing, that it had closed her EEO case because she never filed a formal complaint. RAF, Tab 8 at 20. There is no indication that the appellant responded to the agency's letter.

¶4    The appellant filed her Board appeal on April 25, 2015, over 3 years after her removal.  IAF, Tab 1.  The agency filed a motion to dismiss the appeal as untimely filed.  IAF, Tab 6 at 9-12, Tab 17.  After the appellant requested an extension of time to respond, the administrative judge issued a timeliness order and dismissed the appeal without prejudice, subject to refiling by the appellant.[2] IAF, Tab 18 at 4, Tab 20, Initial Decision (ID) at 1-3.  She timely refiled, and the matter was redocketed as the instant appeal.  RAF, Tab 1, Tab 7.

¶5    In her refiled appeal, the appellant argued that the agency failed to notify her of her right to file a formal EEO complaint, which constituted good cause for the delay in filing her mixed-case Board appeal.  RAF, Tab 6 at 3-4.  She contended that she never received the NORF and challenged the sufficiency of the agency's evidence of mailing and delivery.[3] *Id.*  She further attributed the delay to being confused about the mixed-case appeal process, as she was pro se.  *Id.* at 4.  She also argued the merits of her appeal, including that her removal was discriminatory and in retaliation for whistleblowing.[4] *Id.* at 2-5.

---

[2] The appellant filed a petition for review of the initial decision dismissing her appeal without prejudice to the U.S. Court of Appeals for the Federal Circuit.  The court dismissed that petition on August 9, 2016.  As a result, we do not address her arguments concerning the dismissal of her I-1 appeal.

[3] The appellant also argues that the "Notice to File" should be issued after the agency investigates a claim.  RAF, Tab 6 at 4; *see* IAF, Tab 2 at 4.  It appears that she confused the NORF, which is issued at the close of informal counseling, with the final agency decision (FAD), which is issued after a formal investigation.  29 C.F.R. §§ 1614.105(b)(1), 1614.108(f), 1614.302(d).  To trigger the investigation, an employee must file a formal mixed-case discrimination complaint.  29 C.F.R. §§ 1614.106(e)(2), 1614.302(d).  Upon acceptance of the complaint, the agency must advise a complainant that she may file a Board appeal within 30 days of a FAD's issuance, or within 120 days of filing the formal complaint, if no FAD has been issued.  29 C.F.R. § 1614.302(d)(1).  Because the appellant never filed a formal complaint, the agency was not required to issue the acceptance notice or to initiate a formal investigation into her allegations.

[4] After the appellant raised allegations of whistleblower reprisal during the adjudication of her refiled appeal, the administrative judge determined that the appellant was attempting to file an individual right of action (IRA) appeal concerning her removal action and docketed the IRA appeal separately in MSPB Docket No. DC-1221-16-0514-W-1.

¶6     The administrative judge issued an initial decision without holding the requested hearing, dismissing the appeal as untimely filed without good cause shown.  RAF, Tab 9, Initial Decision (I-2 ID) at 1, 10-11; IAF, Tab 1 at 1.  She found that the appellant had received the NORF and that the NORF and the agency's removal decision properly notified her of her options and the associated deadlines for pursuing a mixed-case appeal.  I-2 ID at 7-9.  She further found that although the appellant was again notified of the closure of her informal complaint in January 2015, she waited 3 more months to pursue her Board appeal.  I-2 ID at 9-10.  She therefore found that the over 3-year filing delay was not attributable to the agency, but rather to the appellant's lack of due diligence or ordinary prudence under the circumstances.  I-2 ID at 7-10.

¶7     The appellant has filed a petition for review.  Refiled Petition for Review (RPFR) File, Tab 1.  The agency has filed a response in opposition.  RPFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8     On review, the appellant reasserts her contentions and resubmits a chain of emails, involving her, the EEO investigator, and others, from below concerning the timeliness of her appeal.  RPFR File, Tab 1 at 4-25; RAF, Tab 6 at 30-44.  We discern no error with the administrative judge's finding that the appeal was untimely filed without good cause shown.

The appellant's initial appeal is untimely filed.

¶9     An appellant bears the burden of proving by preponderant evidence that her appeal has been timely filed.  5 C.F.R. § 1201.56(b)(2)(i)(B).  When an appellant has been subjected to an action appealable to the Board and raises issues of prohibited discrimination, she may either file a timely formal complaint of discrimination with the agency, or a timely appeal with the Board, but not both.  5 C.F.R. § 1201.154(a).  Whichever she files first is deemed an election to proceed in that forum. *Augustine v. Department of Justice*, 100 M.S.P.R. 156, ¶ 7

(2005). However, an appellant who has only filed an informal EEO complaint or pursued informal counseling has not elected either remedy and, thus, is not precluded from filing a Board appeal. *Gonzales v. U.S. Postal Service*, 11 M.S.P.R. 574, 575-76 (1982). If the appellant elects to file with the Board in the first instance, she must do so within 30 days of the effective date of the action being appealed or the date of receipt. 5 C.F.R. § 1201.154(a). If she fails to file within the Board's time limits, the appeal may be dismissed as untimely filed unless good cause is shown for the delay. *Cranston v. U.S. Postal Service*, 106 M.S.P.R. 290, ¶ 8 & n.1 (2007); 5 C.F.R. § 1201.22(c).

¶10      As the administrative judge correctly found, the agency provided uncontroverted evidence that the appellant only filed an informal EEO complaint of her removal. IAF, Tab 6 at 21; RAF, Tab 8 at 20-22; I-2 ID at 8. Thus, in the absence of a formal EEO complaint, the deadlines set forth in 5 C.F.R. § 1201.154(b) are inapplicable to her appeal. *See Cranston*, 106 M.S.P.R. 290, ¶ 8 n.1 (observing that the time limit applicable to a mixed-case appeal did not apply because the appellant did not file a formal EEO complaint). Because the appellant did not contest timely receiving the removal decision, she had 30 days from the effective date of her removal, until March 26, 2012, to appeal directly to the Board.[5] 5 C.F.R. §§ 1201.22(b)(1), 1201.23, 1201.154(a); IAF, Tab 6 at 40. It is undisputed that she did not file her appeal until April 25, 2015. IAF, Tab 1. Thus, we agree with the administrative judge that the appeal was untimely by over 3 years. I-2 ID at 10.

---

[5] As the appellant admittedly received the agency's removal notice in February 2012, her claims of insufficient notice concerning the status of her EEO case do not impact the timeliness determination. Rather, her contentions affect whether there is good cause to excuse the delay in filing her Board appeal over 3 years late. *See Kirkland-Zuck v. Department of Housing & Urban Development*, 85 M.S.P.R. 180, ¶¶ 8-10 (2000) (analyzing the appellant's claims of improper notice of his EEO rights to determine whether there is good cause for his untimely filed Board appeal); *Mincey v. U.S. Postal Service*, 79 M.S.P.R. 663, 666-67 (1998) (same).

<u>The appellant has not shown good cause for the delay.</u>

¶11    A party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case to establish good cause for a late-filed appeal.  *Alonzo v. Department of the Air Force*, <u>4 M.S.P.R. 180</u>, 184 (1980).  If the agency failed in its obligation to provide a notice of appeal rights, an appellant must show that she was diligent in filing an appeal after she learned that she could do so.  *Gingrich v. U.S. Postal Service*, <u>67 M.S.P.R. 583</u>, 588 (1995).  To determine whether the appellant has shown good cause, the Board will consider the length of the delay; the reasonableness of her excuse and her showing of due diligence; whether she is proceeding pro se; and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to her inability to timely file her Board appeal.  *Moorman v. Department of the Army*, <u>68 M.S.P.R. 60</u>, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶12    The appellant attributes her delay to her confusion regarding mixed-case appeal procedures, arguing that she was not represented when she received the removal decision.  RPFR File, Tab 1 at 5.  The administrative judge correctly concluded that the removal decision, which the appellant does not deny timely receiving, notified her of the avenues and associated deadlines for appealing her removal, including her right to file a mixed-case Board appeal or a mixed-case EEO complaint, but not both.  *See* <u>5 C.F.R. § 1201.21</u> (listing the notifications that agencies must provide to appellants when issuing a decision notice on matters appealable to the Board); *see also* <u>29 C.F.R. § 1614.302</u>(b) (requiring agencies to notify employees who have raised discrimination claims in connection with a Board appealable action of their mixed-case appeal rights); IAF, Tab 6 at 45-46; I-2 ID at 7-8.  We find the removal decision to be clear on its face, and thus, the appellant's alleged confusion is not good cause for her untimeliness.

¶13   Furthermore, assuming arguendo that the appellant's contentions of nonreceipt of the April 21, 2012 NORF are true, such finding would not be dispositive.  As the administrative judge determined, even if the appellant indeed did not learn of the closure of her informal EEO counseling until January 2015, she afterwards failed to act with adequate promptness to file her appeal.  The May 8, 2012 letter that the appellant admittedly received notified her that she had initiated informal counseling and of her general EEO rights and responsibilities.  IAF, Tab 6 at 30-34; RAF, Tab 3 at 7.  However, she waited until January 2015, almost 3 years after receiving this letter, to inquire as to the status of her EEO counseling request.  RAF, Tab 6 at 30-45.  The agency immediately notified her that a NORF had been issued.  *Id.* at 30.  By this time, the appellant, who was familiar with the EEO process, was pursuing a separate EEO complaint with the assistance of counsel.  IAF, Tab 6 at 21; RAF, Tab 6 at 4.  Rather than immediately filing her Board appeal, on March 10, 2015, the appellant, through her attorney, filed a motion to amend that pending EEO complaint to include her proposed removal and removal.  IAF, Tab 6 at 25-29.  Thus, to the extent that the purportedly delayed notice of the closure of her informal counseling affected her ability to timely elect to file a formal discrimination complaint with the agency or to pursue a Board appeal, this claim at most explains the delay until January 2015.  The appellant, however, further delayed filing her Board appeal until 10 days after the Equal Employment Opportunity Commission administrative judge denied her motion to amend.  IAF, Tab 1, Tab 6 at 22-24.  The fact that she was engaged in other proceedings between January and April 2015 does not constitute good cause for the late filing.  *See Mauldin v. U.S. Postal Service*, 115 M.S.P.R. 513, ¶ 13 (2011).

¶14   Although the appellant's pro se status is a factor weighing in her favor, it is insufficient to establish good cause considering the length of the delay and that she was informed of the fora and time limits to file.  *Crook v. U.S. Postal Service*, 108 M.S.P.R. 553, ¶ 6 (finding a 1-month delay significant, notwithstanding the

appellant's pro se status), *aff'd per curiam*, 301 F. App'x 982 (Fed. Cir. 2008). Other than the issues regarding notice and her pro se status, the appellant presented no circumstances or events that affected her ability to file on time.[6] Moreover, she did not identify any efforts undertaken to pursue her Board appeal, or explain her inaction between January and April 2015. Thus, as properly determined by the administrative judge, we find that the appellant did not demonstrate due diligence or ordinary prudence that would make a good cause finding appropriate.

¶15    Accordingly, we deny the appellant's petition for review and affirm the initial decision, which dismissed her appeal as untimely filed without good cause shown. In light of this disposition, we decline to address the appellant's arguments regarding the merits of her appeal. *Chavez v. Office of Personnel Management*, 46 M.S.P.R. 390, 392 n.2 (1990) (finding that the administrative judge properly declined to address the merits of an appeal when the matter was dismissed as untimely filed); RPFR File, Tab 1 at 5-6.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS[7]

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* title 5

---

[6] In support of her request below to suspend case processing, the appellant presented argument and evidence for her claims of unavoidable casualty or misfortune that had ensued *since* filing her Board appeal. IAF, Tab 13 at 4-6, Tab 14 at 4. However, she made no such claims for the period *before* filing her Board appeal to explain the delay.

[7] The administrative judge failed to inform the appellant of her mixed-case right to appeal from the initial decision on her discrimination claims to the Equal Employment Opportunity Commission and/or the United States District Court. This was error, but it does not constitute reversible error, because we notify the appellant of her mixed-case appeal rights in this Final Order. *See Grimes v. U.S. Postal Service*, 39 M.S.P.R. 183, 186-87 (1988).

of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to

representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                   _____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.